Good morning, your honors. I'm Alvin Becker. I appear on behalf of the Appellant. Good morning. Michael Riesis, R-E-S-I-S, for the Defendant Appellee. All right. First of all, welcome to you both. Secondly, we apologize for starting 25 minutes late, but as you can see, we enjoy our work and we have interesting thoughts that we need to express, or feel like we need to express. I think both of these gentlemen have been here often enough to be relieved that it's only 25 minutes. I have no comment. All right. Well, before we begin, if you two had gotten yourselves together and split this difference, do you think that we'd be here? I don't know. Interesting issues, but I just point that out to begin with. The reason I don't know is I was not the lawyer who tried the case, I was not the lawyer who participated in the post-arbitration award proceedings, and I'm just doing my work at their work. So, if the policy of the law is to encourage arbitration and to encourage the arbitrator to abide by the party's arbitration agreement, then I question why is it that we're here, because I think there were numerous mistakes made in this case. I do not understand when I... Mr. Becker? Yes, ma'am. Could you enlighten me? How did the arbitrator find out on that remand about the high-low amounts? Can't answer that, because the record does not tell us how the arbitrator became aware of it, except that, thank you for the cogent question, but if the agreement between the parties is very clear, it would be the same kind of a no-no if... And ladies and gentlemen of the jury, this guy got insurance. There's a reason that the lawyers put that in there, and when you look at the award, it's clarified, which, of course, in my opinion, respectfully, needed no clarification. Well, let's talk about what that award said. It gave an amount, $550,000. It said that Planton was... His injuries were indivisible. It said that the award had taken into account his smoking. But then it also said that each of the parties, Ray and Rayna, were responsible for 50% of what? $550,000. 50% of the amount, the award. Yes, ma'am. Now... Which you interpret to mean contribution. No. And not a limit on the liability to be recovered by the underlying plaintiff. Well, the way you phrased the question, I need to comment on it respectfully. Well, there's going to be more than that, I presume, as we go along on this. That is central, is it not, as well to the issue of whether clarification is needed. So, the first question, then, is, because you used that interesting word, contribution, but the party's contract, in this case, called the arbitration agreement, said that the defendants waived their right to seek contribution from each other. It's explicit, not implicit. It is explicit. So, the question of contribution, it was not before the arbitrator. And the arbitrator did not make any findings with regard to contribution in any way, shape, or form. But when the arbitrator said each party is responsible for 50% of the award, can't that be interpreted the way that Ray and Raina suggested that, hey, it's not clear whether this was 50% of the award for each and no more, or that, I mean, you've added this suggestion about the joint and several liability, haven't you? I mean, the award didn't mention that. It said 50%. Yes, and I think it did. For sure it didn't mention it. But the next question is, the award is really no different, respectfully, and I'll specifically key in on that, to what would occur if this was a jury verdict. So, the jury said we find each one 50-50. So what? This somewhat implicates, respectfully, the statutory provision, which kind of changes a tad the common law rule of joint and several liability of tortfeasors who have, either because they acted in concert or they produced an indivisible injury. Isn't the issue really whether the court, which would enforce the award, had the ability to apply the joint and several liability concept itself, or whether it was something that was going to be decidable or should be decided by the arbitrator? If you're referring to reference back to Judge Casciato, then I believe that the answer is I don't understand how the award was ambiguous, applying how lawyers and judges understand that concept of ambiguity, to ask him to consider the question of their high-low agreement. Well, here's what my thinking is, and give me yours. Sure. The award coming out could be interpreted as saying each side owes $275,000. Now, you have the high-low agreement, which says, I'm sorry, he's only going to pay $90,250. The issue is, under those circumstances, whether the deficiency between $275,000 and $90,250 lies with the other party or not. And that requires a decision to be made about whether joint and several responsibility should be applied to the arbitration award or not. And there is a decision that has to be made on that. It's either going to go to the arbitrator, who was originally in his charge, say, you are not to know anything about this high-low agreement, or whether that's a decision to be made by the court in reducing the award to a judgment. And isn't that the crux of this case? Yes. So the question is, regardless of who performs the task, why does the presence of a high-low agreement do anything to negate the rule of joint and several liability? It isn't because the arbitration agreement says so. In fact, the arbitration agreement says, you're not supposed to know about this. Is there anything in the statute that implicates that? How do we know that the joint and several liability issue is something that we ought to even look into, rather than to literalize the arbitration award, which does not purport to look into it, but which provides for a 50-50 allocation? And if it's a 50-50 allocation, that allocation coincides, frankly, with what the arbitrator did on remand. And that would be his clarification, but I'm mixing two different questions here, because my first question is, why should even – let's assume that this shouldn't have been remanded. If it shouldn't have been remanded, and if, upon being remanded, it is reviewable, then because of some error in the second award, which presumably carries with it the same strictures as the first award as far as reviewability is concerned, then we have the first award and stand on the first award, 50-50 allocation. And as Justice Epstein said, let's not even worry – well, I don't know if he said that, but I hear that. Let's not even worry about the $184,000, because who cares? That's not in the award. The award says 50-50. They have a high-low agreement, which then enters into against that award, and that's applied against the literal interpretation of the award. So we have $275,000 by the party that has the maximum of $600,000, and we have $90,000 for the one that has the maximum of $90,000. Well, then what you're saying respectfully, and I hope I can shoot this one down quickly, is that you do not consider the law of joint and several liability. The question is whether the arbitration process invokes, in addition to what's on the face of the award, concerns about other common law applicabilities. Well, if there is a standard. Because the parties have chosen a special law, a contract law. Arbitration produces a contract result. To be final. Yes, including a prohibition against motions for reconsideration, and no matter how you color it. Well, let's ignore the remand for a moment. And I think Justice Gordon's argument, or question to you rather, was ignoring the remand. If you have a $550,000 award with 50% liability as to both, because of the indivisibility of the injury, and the HILO agreement, what's the outcome? Well, I agree that's the question. And that HILO agreement, that retains its viability against the award, because the parties in their contract have so ordered. Then you have to say that in judging the efficacy of any award, you do not pay attention to the law of torts. But the arbitration agreement said the arbitrator shall decide the question of liability, damages, and proximate cause. He cannot decide that without the law of joint and several tort liability. It was changed, as we all know, a few years back, by limiting the obligation to The question is whether this would be a gross error recognizable from the face of the award. That would be the ultimate test. Yes. Edward, why would it conform to that? Because the award, as quote unquote clarified, says that the ADR agreement does not, because of its HILO provision, does not allow the use of the doctrine of joint and several liability. And that, respectfully, is an error of law material on the face of the award. There is nothing in the statute that says that. There is no decision that says that. And assuming there were multiple defendants here, not just two, four, five, or six. But doesn't the agreement, doesn't the arbitration agreement itself say that? Because it's indicated in that agreement that one party will only be responsible for 90,000, and the other party will be responsible for an amount in between, it was 250,000 and 600,000. So isn't the agreement itself saying that joint and several liability will not apply here because we have agreed in advance that one of us will only contribute 90,000, and the other will contribute between 250,000 and 600,000, based on the policies that were available? No. In my opinion, it does not. And I can tell you why it does not. Well, isn't that essentially what the arbitrator found? That because there is an agreement for certain amounts, high-lows, the concept of joint and several liability is foreclosed by the agreement. And in order to... Supposing he is right for the wrong reason. Well, we know what that is. I hope I'm not intruding on what you're going to ask. I hope that my question dovetails with what you're going to be talking about. Well, he could be right for the wrong reason and then somebody loses on that. It doesn't make any difference what his rationale is. But the question is, could he ever be right unless the parties contract, and you really are raising something by a microscopic inference here, that because of the presence of a high-low provision, the parties have contracted that the law of joint and several liability does not apply, then what you're saying is that no lawyer in his right mind who has any sophistication in these kinds of cases now is ever going to agree to that unless he now needs to put in a new provision that says, aha, high-low agreement does not affect the law of joint and several liability, and that is not what the rules of arbitration are. That is not what the finality is intended to accomplish. You're making the lawyers here jump through hoops on something that nobody ever would have conceived of as was necessary. Mr. Becker, what about your argument, and probably is stronger, that the only way that the arbitrator could clarify this order that could be sent back were based on the three provisions in the statute, none of which were met, and which you point out in the response brief there's no suggestion that the statute was actually compliant with? Well, that leads you to the question of whether we were reviewing it respectfully, although this is definitely not an administrative review, and nobody should think I'm making that argument. But the law is clear that in administrative review, you review the decision of the agency, not of the judge that affirms or reverses it. So the question here is, what was there to clarify under the provisions of Section 11, 12, and 13 of the Arbitration Act? Basically, what they're asking to clarify is, what would you do with knowing about this high-low agreement that you're not supposed to know about? And the answer is, since judges, and rightfully so, because of the philosophical judicial bent about arbitration awards, go through handsprings to affirm an award of an arbitrator, the same fate that occurs in almost every one of these cases should have been the same fate that occurred in this case. And that is, we can't deal with this right or wrong. You were smart enough or foolish enough to pick somebody to be the judge of the law and the facts. There's some very limited ways to get into court. Respectfully, this wasn't one of them. Well, could it be under Section 13 that says, an evident mistake in the description of any property referred to in the award? Respectfully, property has got to be what we talk about. Property, you own this, you don't own that. Evident miscalculation of the figures? $500,000 is the award. It was a miscalculation if he was never told about the existence of this high-low agreement. Well, you know, the answer to that must be respectfully. Maybe that's an inherent vice in the ADR form of the contract, but that, respectfully, is what the parties agreed to. They agreed to this form of the contract. I'm going to shift gears for a minute. Uh-oh. What makes you think that if you scuttle the remand, you're still left with a viable award, arbitrator's award? Why shouldn't the scuttling at either, let's analogize it to the ends of a boat. If you put the whole on the remand, that's the arbitration. Can you, in effect, split off the phase one from phase two? Or is it one single arbitration, which is either reviewable, reversible for error, or not? Well, how do you get in between there and say, yes, we think the first determination was valid? It shouldn't have been remanded. It was remanded and changed on remand. We'll treat that second remand as being void, leaving intact the first. Why would that occur? Why isn't it, at this point, a single process? Well, I think it is because of the nature of the extraordinarily limited judicial participation in arbitration awards. And once he made that decision and you looked at it, there was no basis under the common law, there was no basis under the statute to touch it, to do anything to it except to confirm it. It wasn't effective on its face. The fact of 50-50 doesn't do anything because at the 50-50, nobody seems to want to let me say this, but I'm going to say it anyway. At 50-50, the pure common law joint and several applies. We all know if it's less than 25, it doesn't apply. There are some limited exceptions to it. Maybe that's what the arbitrator was considering. I don't know. But nobody knows. And the answer is he heard what all the damages were. He decided. But I think I don't see how you could as vigorously contest the law, but you have a way, ordinarily, of letting us know when you're vigorous and when you're protecting a record. Okay. Okay? Thank you for saying that. I'll put it on my tombstone. But in point of fact here, you have an award that is subject to an infirmity at either end. Either it's infirm from the get-go or it's infirm at the end. But in between there, you have clarification. And I don't see how you can vigorously protest against the jurisdiction of the trial court to seek clarification. And if it could seek clarification, then the arbitrator immediately is within his jurisdiction in that his second arbitration is not beyond the limits of interpreting whether it goes beyond the contractual authorizations and whatever other factors in Section 13 are enumerated. And if that's the case, then we have the arbitration in one continuum, and whatever infirmities you find in the second phase will nevertheless scuttle the earlier one. I think I could hopefully answer not an easy question. And I always say this, that you sit up nights trying to think of questions like that to ask me. I think I could answer the question this way. Supposing I said I do. I have no doubt. But you're not sealing me out. I think you can say that to everybody. I don't lie, so I won't say that. Okay. So I would answer that question this way. Assume for a second that the circuit court judge said there's nothing here to clarify. I confirm the award. My able opponent appeals that. I have no doubt in my mind that you would quickly and maybe even summarily affirm that decision. And the reason you would do so is because the rules of judicial intervention and arbitrations are so different. There is no basis for it under the statute. There is no error on the face of the award of law that is material, and, therefore, it needed to be confirmed. That's how I would answer that question. So it's confirmed. Yes. And then a letter is written like was written in this case, saying, oh, by the way, instead of $275,000, you owe $275,000 plus $184,000 more. And the reaction presumably would be the same one it was in this case, oh, no, I don't. And then where are we? Then I believe that what would occur is that then you're talking about the high-low. I believe that's what you're talking about. Right. Sure. And so the answer is, since nothing here approached the high-low, that is, the high did approach the low, nothing here approached the high, that never would have been implicated. But assuming that it was, then the answer is it would be treated exactly like one would treat a covenant not to sue. After the award of jury verdict is entered, there's an appropriate motion that is made to prevent double recovery. That is not a circumstance in this case, and that principle simply doesn't apply. Was there a motion made in this case after it was determined that the arbitrator considered the high-low when he wasn't supposed to? Was there a motion made to the trial judge to? Yes, to vacate the award on, I'll call it on clarification. That was denied, and the notice of appeal appealed from everyone. Thank you for the time you have given me. It's more than I expected you would. It's much appreciated. And if you have no other questions, I'll be pleased to sit down. Thank you, Mr. Becker. Mr. Reeses. Good morning. I may please the Court again. Mike Reeses for the Defendant Appellee. Plaintiffs voluntarily submitted his claim in all questions of law and fact to an arbitrator for a final decision, and that decision is subject to judicial review only in very limited circumstances, not present here. Did the arbitrator exceed his powers when he considered something that the arbitration agreement said he could absolutely not consider? Absolutely not. Why not? Well, to begin with, we don't know exactly why or how he came to know that. No one seems to know, but somehow he came to know there was a high-low agreement. That's right. And the agreement that was in place said that the arbitrator cannot know about this at all. He obviously didn't know that he's not supposed to know, or he wouldn't have disclosed it. But I think as in one of the cases that we had cited in our brief shows, there really was no prejudice because his first award was 50 percent of 550 to us, which is 275, and his clarified award was 275. Well, let me ask you. It's not enough to show – it's not enough to – excuse me, just to finish my answer. I think you have to show prejudice. I don't think it's enough to simply say – Well, how could you say there's no prejudice when they're having to pay more than they thought they were going to have to pay? I mean, you're getting to pay less than what they thought they were going to get. Excuse me. Well, I guess the question is how do you interpret that first award? Well, going to that first award, here's something I want you to address, and that is that Mr. Becker says that you have not responded in your response brief to his argument that for any clarification to take place, Section 13 requires that you set forth those grounds, and they are three, and that in your response brief you haven't suggested in any way, shape, or form that that statute was followed. That there was no evident miscalculation of figures, that the arbitrators have awarded on a matter not submitted to them, and the award is imperfect as a matter of form, not affecting the merits. He says that you did not respond, and therefore you waived it, and therefore the clarification motion was improper, and we should – There are two motions that were present before the judge, and he remanded for clarification. And Federal Signal, which interprets Section 9, says that the judge on his own motion for purposes of clarification can send it back to the arbitrator. And it doesn't matter – So that's your response, that there's no requirement – That's right. But there was a motion to confirm, okay, and we had a motion to say basically for clarification, and the judge did, I think, what was reasonable – Federal Signal deals with the timing, with the 30 days versus the 20 days. Not just the timing, but also who could do it. The judge can do it on his own. He's not subject to that 20-day provision that's addressed to the arbitrator, right? And he's not subject to the request of a clarification either. Well, he can do it for one of the reasons enumerated, and I think we had both of those here because we had two motions. What reasons enumerated? Well, I think the statute – well, if you go to the statute. You mean the three reasons enumerated? I think if you go to the statute. Thirteen sets forth the grounds under which an arbitration award can be modified or corrected. Well, 9 says – we're just talking about clarification. And that's Section 9. It talks about if an application of the court is pending under 11, 12, or 13, and certainly there was one under 11 for confirmation, right? That was the plaintiff's own motion. That's what he wanted. Well, basically your argument is that 13 has nothing to do with this because the court was unclear, and the court was asking for clarification. Yes. You can go to Section 9, and you go to Federal Signal. Is the court interfering then with the limited ability that the trial just has when the parties have already agreed to submit to arbitration? The judge is not doing anything other than giving the arbitrator the chance to fully resolve an issue that was not final. What was the issue that wasn't final? What was the liability of each party? 50%. Well, he said 50%. You know, that's our interpretation. That's not their interpretation. We don't have a final award with an assessment, not just of fault and of damages, but of liability until it was clarified. Although I do have the fallback. Although I do take the point that if you just try to undo what happened and you go with the first award, okay, both awards are consistent. I owe $275,000, 50% of $550,000. Either way. Well, here's my point. Doesn't the remand to the arbitrator necessarily implicate consideration of the high-low agreement, which the original charge expressly excluded? What else would be clarified? I think that no matter what, as was the case in Harris v. Allied America, it's not enough just to say 50% of $550,000. I think you have to make the final arithmetic calculation and say it's $275,000. But in Harris it was impossible to make that final computation because you needed additional facts for that. Why shouldn't the two of you have to start all over because this arbitrator found out things he wasn't supposed to know at all? Because I don't see where the prejudice was. And then wouldn't that cutting the amount in the middle have resolved this whole thing? Again, I'd have to say that, like Mr. Becker, I was hired for the appeal. Well, let me ask you this. Assume that the trial judge didn't find anything that should have been clarified in the first place. And you would take the position you've just articulated, that joint and several doesn't apply here.  And Mr. Becker would take the contrary position that the high-low agreement is there and defendant one pays $90,250, defendant two pays the difference between that and $550,000. Would the trial judge have been entitled to make that determination? Well, I think in the first instance it belongs to the arbitrator to decide all issues of law. And I think that would be an issue of law. And I think it's just as important. Isn't it a gross error of law, then, to say that the contribution that joint and several liability doesn't apply because of the high-low? What case would you cite for that arbitrator's statement? Well, I would begin by citing three cases cited in our brief. Board of Education, the Beattie case, and the Kadish case, which all stand for the proposition that not only does it have to be a gross error of law, it has to be evident on the face of the award. And you can't go beyond the award and look at the arbitrator's findings or opinions to make that determination. And here, unless you go to page seven of the memorandum of opinion and get into the whole question of whether or not there was a finding that there was a single indivisible injury, there's no way that you could determine there was any error on the face of the award. The thing about that is what if you've cited cases that don't in any way shed any light on the arbitrator's statement that joint and several liability don't apply in this case because there was a high-low agreement? But those cases tell you what you can look at and what you can't look at. They tell you that you're confined to the four corners of the award. All right, then why wasn't he confined to not knowing about the high-low later? His basis of his decision was something that he was expressly excluded from knowing or considering. I think he is allowed to, well, look, to determine whether or not an award is authorized, you have to be able to look at the agreement. Maybe not the high-low, but you have to look at the agreement. For example, in the Amerisher case, which I think counsel cited, you have to look at the agreement to know that, well, you can't get attorney's fees. Right? I mean, I think you can. It would be very nice for me to argue you can't look at the agreement, and since it's not apparent on the face of the award that we had a single indivisible injury, we win. I don't think I lose simply if you look at the agreement. Mr. Reese, let's go back to that, please, because that's where I was before. We don't have anything on the face of the award that deals with joint and several liability. It's blank. What we have is basically the 50-50 total amount of 550, and that's it. Now, to satisfy the Board of Education and the line of cases that say it has to be manifest, the error has to be manifest from the face of the agreement. The award, yes. Yeah, right. Yeah, from the award. The question is, what does the absence of the standard tell us as far as In order to negate gross error because of the lack of indication on the face of the order as to the applicability of joint and several liability, we would have to say it's implied. And if we said it was implied, then there is no gross error. Okay. So if it's not implied, then there is. But I don't know. So either way, you lose. No, I don't see that because you would have to go beyond the face of the – you're talking about the original award. Yeah. Well, the original award simply says 50% of 550 or 275. Does it say 550 or of the award? 550. The question is now, is there a gross error perceivable from the face of the order? And I don't see it. I don't see it. Well, it's an either-or situation. If something is missing, then it either exists or doesn't exist. If it doesn't exist, it's error from the face of the award. If it exists, then there is no error except that it works in favor of the plaintiff. I think the statute clearly allows – this was the original award of March 26, 2010. I don't think it was fine. I don't think it was fine. Well, I don't think the Harris case is particularly dispositive of this issue, Mr. Rieses. Okay. I'm not going to deal with what you think. I understand. But if you were on the other side of this issue, I don't think you would be shell-shocked. All I'm saying is I don't see that the judge in this situation was without the authority to seek clarification under Section 9. Did he have the authority to seek clarification that necessarily implicated telling the arbitrator something he was expressly barred under the agreement from hearing? I don't think that you have a problem there when it doesn't change our life, at least in terms of unless you're going to say there was a gross error. And I don't think that there is a gross error in these circumstances. I don't see anything in the case law, and I admit that there isn't a case that's on point, directly on point. But there are cases that lay out very clearly for you the limited ability that you have to review an award and no ability to review the findings or the supporting reasoning in the opinion. I mean, the cases do distinguish between the award and the opinion. The two are not one and the same. So how you can get from Paragraph 3 on Page 7 of the opinion that talks about a single and indivisible injury and therefore say, well, we're going to judge this award with that predicate to show an inconsistency because, right, if it was on the face of the award or you had a jury verdict, as I think counsel analogized, it might be a different situation. You don't have that ability to look to see whether or not even the conditions for a short and several liability were met. What would you have done if the judge originally found out about this high-low agreement and said 550, but we're going to apply 90,250 to one client and your client pays the rest? What would you have said then? You would have said probably, hey, wait a minute, you're not supposed to look at that. Right? If that had been disclosed in violation of the agreement before the award was made, okay, here it's after the March 26, 2010 award. There's a bit of a difference between when it was before. It would have depended on when your ox was gored and not whether your ox was gored? It depends on whether it's before or after. Okay, and as I said, I think it's the Hollett case in the brief makes it clear that it isn't just any disclosure. Now, supposing the disclosure on the face of the award was that joint and several liability law will apply in terms of the extent of liability by each of the parties? Well, you know what? I think in that situation, if I was in counsel's shoes, I probably would lose because I don't think I could show a gross error of law, and I think it's the same way when it came out the other way. I think this is the situation where there's no gross error of law either way. You haven't cited a single case that says that joint and several liability doesn't apply because of a high-low agreement the parties entered into. There is no case that says that. I agree. And there's no cases that say it, so therefore there's no gross error of law? That's right. It's any different than saying, okay, what is there in 211-17 that says it applies to private agreements? This is not a case. This is an insurance policy that's quasi-public, and you have a statute that regulates it, and if the insurance policy says you have three-person arbitration for U.M. uninsured motorist coverage, we're going to read that into the contract. This is a private agreement. If the parties want to address that situation, they can. If they choose not to, they take their choice with the arbitrator. The arbitrator decides all issues of law. The arbitration is not adjudication. Very different. If there are no further questions, now that I see it's past noon, I will ask you to affirm. Thank you, Mr. Reese. Any final words, Mr. Becker? Yes. Before you embark, tell us again why you think the trial judge put 50-50 on the face of the award. You do mean the arbitrator, sir? The arbitrator. Okay. I think he put it. One, I don't know. My belief is he put it in there because he wanted to negate the obligation that would be diminished in the event that one of the defendants was found to be less than 25 percent and for no other reason. Couldn't have had any other basis for it. One of the questions that Justice McBride asked my able opponent, and I frankly violently disagree with his response, is that under Section 11, 12, and 13, that's not enough. The court has inherent authority with all respect. I violently disagree with that. I think the legislature has occupied the entire field in that regard, and the circuit court judge did not have any inherent authority to send the case back to the arbitrator. He also talked about the fact that you shouldn't be looking at, I'm going to call it the memorandum opinion, in contrast to the award, because the gross error must appear on the face of the award. If it's possible to perform a surgical procedure here to separate the two, and assuming we've done that, we've got Siamese twins here, we're separating them, if you look at the award, it just says, plaintiff award $550,000, in which case there is no error on the face of it, and that should end that. But that's not what happened here. Supposing the trial judge does not have, as you say, the authority to remand it back to the arbitrator, but he does. Yes. What is the arbitrator's authority at that point? Well, you know, I can't imagine an arbitrator who gets the matter back on for whatever reason because a judge orders that the matter go back to him to do anything other than comply with what the judge said. What do you expect him to do? But isn't he still subject to the Board of Education standard in terms of our reviewability thereafter? I agree. He's subject to that standard. So if he gets it in error, it doesn't mean that what he then determines is reviewable, except if it meets the standards that would have applied to his original award. Which, of course, is a gross error of law on the face of the award, where he considered something which he had no authority to consider. I don't mean to be circular. But he did have authority to consider, presumably. You would have to make the outright determination that if the judge was outside of his or was in error in remanding it, that correlatively the arbitrator was outside of the contract in deciding it. And I don't think the two mesh. So I guess you would like me to respond by saying, I accept that the judge erroneously remanded it to the arbitrator, and therefore the arbitrator had the right to revisit his decision based upon. No, I would not. Aesthetically, or grammatically, syntactically, I wouldn't use therefore. I would say nevertheless. Okay, nevertheless. And consider something that the parties by the contract said thou may not consider. Last point. Counsel cited Harris v. the Allied American Insurance Company. That's a case that I won, I'm proud to say. And I have no idea why he cited that case. That has to do with an incomplete award, and therefore the time for confirmation didn't apply. That is not the case here. We have a complete award in every respect. And if you just look at the award and you separate that from the memorandum opinion, there is no error, and that's what should have been confirmed. But it's no longer a complete award if, in fact, the arbitrator's determination after remand counts. You know, how do you answer that respectfully? To give you a look in the eye and say he was forbidden to relook at it because the contract said he can't look at it. If the point laterals it to him, he may well be within his right under the arbitration agreement to look at it again. And the determination that he makes the second time is subject to the same review as if he hadn't made the first one. Respectfully, then there's no reason to enter into these multi-page agreements because anybody can do what they want. Respectfully, that's not the law. Respectfully, the order of appeal should be reversed with directions to confirm the original award. Thank you, Your Honors. Thank you both for a very spirited and well-thought-out argument and set of briefs, and we will take it under advisement.